Citation Nr: AXXXXXXXX
Decision Date: 09/29/21 Archive Date: 09/29/21

DOCKET NO. 200227-66818
DATE: September 29, 2021

ORDER

Service connection for tinnitus is granted.

FINDING OF FACT

The Veteran's tinnitus had its onset in service.

CONCLUSION OF LAW

The criteria for service connection for tinnitus have been met. 38 U.S.C. §§ 1110, 1112, 1113, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty in the United States Navy from June 2012 to April 2013, with additional periods of service in the United States Navy Reserve.

In November 2019, the Veteran submitted a VA Form 20-0996, Decision Review Request: Higher-Level Review (HLR), and requested review of a September 2019 rating decision. In December 2019, the agency of original jurisdiction (AOJ) issued the HLR decision on appeal, which considered the evidence of record at the time of the prior September 2019 decision. In the February 2020 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Direct Review docket. Therefore, the Board may only consider the evidence of record at the time of the September 2019 decision on appeal. 38 C.F.R. § 20.301.

1. Service connection for tinnitus is granted.

The Veteran contends that his tinnitus had onset in 2013 and has continued since service. See September 2019 VA examination.

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. § 3.303. The three-element test for service connection requires evidence of: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the current disability and the in-service disease or injury. Shedden v. Principi, 381 F.3d 1163, 1166 -67 (Fed. Cir. 2004).

Certain chronic diseases will be presumed related to service, absent an intercurrent cause, if they were shown as chronic in service; or, if they manifested to a compensable degree within a presumptive period following separation from service; or, if they were noted in service (or within an applicable presumptive period) with continuity of symptomatology since service that is attributable to the chronic disease. 38 U.S.C. §§ 1101, 1112, 1113, 1137; 38 C.F.R. §§ 3.303, 3.307, 3.309. Walker v. Shinseki, 708 F.3d 1331, 1338 (Fed. Cir. 2013).

Lay statements may serve to support a claim for service connection by supporting the occurrence of lay-observable events or the presence of disability or symptoms of disability subject to lay observation. 38 U.S.C. § 1153(a); 38 C.F.R. § 3.303(a); Jandreau v. Nicholson, 492 F.3d 1372 (Fed Cir. 2007); Buchanan v. Nicholson, 451 F.3d 1331 (Fed. Cir. 2006). 

In the September 2019 rating decision, the AOJ found that the Veteran has a current diagnosis of tinnitus, and that he was exposed to hazardous noise during military service. The Board is bound by these favorable findings. 38 C.F.R. § 3.104(c).

This issue in this case is whether the Veteran's current tinnitus is related to service. The Board finds that the probative lay evidence supports a finding that tinnitus had its onset in service. An August 2013 Post-Deployment Health Re-Assessment (PDHRA) noted the Veteran's reports that noises in his "head or ears (such as ringing, buzzing, crickets, humming, tone, etc.)" "bothered [him] a little." A March 2014 report of medical history shows he denied "hearing loss" or "ear trouble," but there was no category for tinnitus or ringing in the ears. In an April 2016 written statement, the Veteran reported experiencing ringing in the ears. Moreover, the Veteran reported during his September 2019 VA examination that the ringing in his ears occurred began in 2013. He stated that the ringing occurred in either one ear or both ears a couple times a week. He stated loud noise lasted 15-20 seconds, and softer noise could last up to a few days. The Board finds the Veteran's reports of the onset and recurrence of his tinnitus credible because they are consistent with his documented report of tinnitus in his August 2013 post-deployment assessment. Although the Board notes several instances in the Veteran's medical records indicating that the Veteran denied having tinnitus or ringing in the ears, the Board finds that these statements are not necessarily inconsistent because the Veteran did report that his tinnitus was intermittent.

The Board also notes the negative nexus opinion of record; however, the Board affords the opinion little probative evidence because it does not sufficiently address the Veteran's competent and credible reports of the onset of tinnitus in service and recurrence since that time. 

(Continued on the next page)

 

In sum, the Board concludes that the evidence is at least in equipoise as to whether the Veteran's tinnitus had its onset in service. Service connection for tinnitus is warranted. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102.

 

 

TRACIE N. WESNER

Acting Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board B. Jake Choi, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.